EMERSON EMORY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Emory v. Commissioner
Docket No. 12653-81
United States Tax Court
T.C. Memo 1991-71; 1991 Tax Ct. Memo LEXIS 104; 61 T.C.M. (CCH) 1962; T.C.M. (RIA) 91071; February 26, 1991, Filed *104 Decision will be entered under Rule 155. Emerson Emory, pro se. Daniel C. Brauweiler, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies and additions to tax against petitioner as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
1977
$ 2,894.86
- 0 - $ 144.74 1978 3,075.76
$ 347.94
271.84 The issues to be decided are whether, for each of the years at issue, petitioner (1) had unreported income, (2) is entitled to the deductions for the expenses of his medical practice claimed on the returns, (3) is subject to the self-employment tax, and (4) is liable for additions to tax for negligence as to the 1977 taxable year and for failure to file a timely return and negligence as to the 1978 taxable *105 year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. Petitioner resided in Dallas, Texas, at the time he filed his petition. He filed a timely Federal Income tax return for 1977, and his return for 1978 was filed on May 17, 1979. The returns were filed with the Internal Revenue Service Center, Austin, Texas. Petitioner was a medical doctor engaged in private practice during the years at issue. He also had other sources of income during that period, some of which were covered by information returns (Forms W-2 and 1099) and which were reported on his returns. During these years, petitioner received drill pay of $ 666.32 in 1977 and $ 4,272.00 in 1978 for service in the United States Naval Reserve and $ 678.00 in 1978 from National Health Insurance Co., [2] which amounts he claims were included on his returns along with the income from his medical practice reported in the round amounts of $ 10,000.00 for 1977 ($ 19,159.00 less $ 9,159.00 of compensation reported as subject to withholding) and of $ 14,000.00 for 1978 (in addition to $ 9,062.52 of compensation reported as subject *106 to withholding). On his tax returns for 1977 and 1978, petitioner claimed the following deductions in connection with his medical practice and related activities, all of which were disallowed by respondent: 1977
Salaries
$ 3,250
Telephone
1,800
Gas
600
Water
360
Lights
1,200
Medical supplies
1,200
Total
$ 8,410
1978
Salaries
$ 1,500
Telephone
1,200
Utilities
1,000
Office supplies
200
Postage
50
Repairs
50
Total
$ 4,000
Petitioner conducted his medical practice on leased premises. Respondent did not disallow the $ 1,500 deductions claimed for rent for each of the years at issue. OPINION The burden of proof as to all issues is on petitioner. Rule 142(a); ; (sec. 6653(a) addition); , affd. without published opinion (sec. 6651(a)(1) addition). Petitioner testified that he only received fees in cash from his private medical practice, that he cashed all checks that he received for his other medical services, that he paid all his expenses in cash, and that he maintained no bank accounts. He had no records of any kind to support any of his claimed deductions or of his receipts from his private medical practice which might have provided some support for his testimony. The lack of corroboration and the fact that petitioner utilized round figures in reporting his income beyond the amount covered by the withholding statements are serious defects in petitioner's proof. We also note that petitioner made no claim on his return for any tax withheld on this income although we recognize that any such claim would seem to have required an estimate. See n.2, supra. That petitioner was unable to obtain corroboration from the utility companies, in respect of some of his deductions, does not relieve him of his burden. . Additionally, we note that he made no other *108 effort to obtain testimony or evidence from other sources, for example, from his landlord who could have provided some support for petitioner's claim that he had to pay utilities in addition to rent. Under the circumstances herein, we are not required to accept the self-serving testimony of petitioner. . See also . As far as the self-employment tax is concerned, petitioner's only claim is his belief that, because social security tax was being paid in respect of the income covered by the information return, he had no obligation to make any further payments with respect to the other income from his medical practice. This position is obviously without merit. Under the circumstances and after a review of the record herein, we hold that: (1) Respondent's determinations as to unreported income for 1977 and 1978 are sustained. (2) We are satisfied that petitioner must have incurred some expenses, other than rent, in connection with his medical practice. We find that petitioner is entitled to deductions for Schedule C expenses of $ 1,000 *109 for each of the years 1977 and 1978. See . (3) With respect to the addition to tax for 1978 under section 6651(a)(1), it is clear that petitioner's return for that year was not timely filed, and the record is devoid of any evidence as to why there was a delay. (4) As far as the additions to tax for negligence under section 6653(a), the record clearly supports the conclusion that petitioner has not carried his burden of proof. (5) Petitioner is liable for the self-employment tax, subject to the adjustments set forth in the notice of deficiency. In view of the foregoing, respondent's determinations are sustained except to the extent necessary to reflect the allowances set forth in paragraph (2) above. Accordingly, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner testified that he did not receive copies of any information returns in respect of these amounts.↩